# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM "STUMP" SMITH,

    Plaintiff,

    vs.                                                                   No. CIV 99-0178 JC/LFG

ROBERT L. GONZALES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Gonzales' (Defendant) Motion to Dismiss Re: Statute of Limitations, filed May 20, 1999 *(Doc. 4)*. Defendant argues that this entire cause of action should be dismissed for failure to comply with the statute of limitations.

## I.    Background

The Complaint for Constitutional Violations (Complaint) was filed on February 19, 1999 pursuant to 42 U.S.C. § 1983. Plaintiff maintains that Defendants violated his Fourteenth Amendment right to due process by failing to disclose exculpatory evidence and conspiring to maliciously prosecute Plaintiff. The events leading up to the filing of the complaint began in August 1977 with the kidnaping and murder of two women. Plaintiff was tried for the murders in October 1977. The trial court declared a mistrial due to the jury's inability to reach a unanimous verdict. Plaintiff was retried in 1978 and found guilty. In 1979, the New Mexico Supreme Court affirmed the convictions.

In 1982 and 1983, Plaintiff's counsel's conducted an investigation which found that the prosecution may have failed to disclose several pieces of exculpatory evidence. As a result of the investigation, Plaintiff filed, in1983, a motion for post-conviction relief in state court. That motion was subsequently denied. In 1984, Plaintiff filed a state petition for a writ of *habeas corpus*. The state petition for writ of *habeas corpus* was likewise denied. In March 1988, Plaintiff filed a federal petition for writ of *habeas corpus*. This writ was also based on the allegation that the prosecution withheld exculpatory evidence. In March 1995, the Tenth Circuit Court of Appeals granted the federal writ of *habeas corpus* on the grounds that the prosecution failed to disclose material exculpatory evidence. The state dismissed the criminal charge by *nolle prosequi* on April 21, 1996. Plaintiff then filed this lawsuit in 1999.

Defendant argues that the three-year statute of limitations began at the earliest in 1982/1983 when Plaintiff's counsel found evidence that the prosecution withheld exculpatory evidence. At the latest, Defendant argues that the statute of limitations began when the Tenth Circuit overruled Plaintiff's conviction in 1995. Using either the 1982/1983 or 1995 dates, Defendant contends that Plaintiff failed to meet the three-year statute of limitations by filing this suit in 1999. Plaintiff believes that the statute of limitations either began in April 1996 when the state dismissed the criminal charge by *nolle prosequi* or was equitably tolled.

## II.   Discussion

### A.   The Statute of Limitations

Proper adjudication of a § 1983 claim is governed by New Mexico's three-year limitation on claims for personal injuries. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Under federal law, § 1983

claims "accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Johnson v. Johnson County Comm'n Bd.*, 925 F. 2d 1299, 1301 (10th Cir. 1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2nd Cir. 1980), *cert. denied*, 450 U.S. 920 (1981). In this case, Defendants correctly asserted that Plaintiff had reason to know of his civil claims as early as 1982 or 1983 when his counsel found that the prosecution may have failed to disclose several pieces of exculpatory evidence. Defendants also correctly observed that at the latest, Plaintiff had reason to know of his civil claims in 1995 when the Tenth Circuit granted Plaintiff's *habeas corpus* petition based on the prosecution's failure to disclose relevant and material exculpatory evidence. Applying either the 1982/1983 dates or the 1995 date as the starting times for the statute of limitations, I find that Plaintiff failed to comply with the three-year statute of limitations.

Furthermore, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." In New Mexico, a *nolle prosequi* is not a declaration of an invalid conviction because it is not an acquittal and the defendant may be reindicted or reinformed against after a *nolle prosequi* has been filed. *State v. Edwards*, 97 N.M. 141, 143, 637 P.2d 572, 574 (Ct. App.), *cert. denied*, 97 N.M. 621, 642 P.2d 607 (1981). Accordingly, Plaintiff's § 1983 claims arose with the issuance of the writ of *habeas corpus*, not the *nolle prosequi*.

## B. Tolling of the Statute of Limitations

Plaintiff argues that the three-year statute of limitations should have been tolled because fraudulent concealment prevented the discovery of the alleged constitutional violations. For a statute of limitations to be equitably tolled on grounds of fraudulent concealment, a party must plead and prove: (1) use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action. *State of Colorado ex rel. Colorado Attorney Gen. v. Western Paving Constr. Co.*, 833 F.2d 867, 874 (10th Cir. 1987), *vacated on other grounds*, 841 F.2d 1025 (1988), *cert. denied*, 488 U.S. 870 (1988); *King & King Enter. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154 (10th Cir. 1981), *cert. denied*, 454 U.S. 1164 (1982). Plaintiff has the burden to show that despite due diligence, some affirmative act prevented the discovery of the facts which are the basis of the cause of action. *King & King Enter.*, 657 F.2d at 1154. However, "[o]nce a plaintiff actually learns the concealed facts, the statute begins to run." *State of Colorado ex rel. Colorado Attorney Gen.*, 833 F.2d at 875.

Plaintiff argues that the issue of equitable tolling cannot be decided on this motion to dismiss because it requires information not found in the complaint. Plaintiff, however, does not describe what other information would be sought to address the equitable tolling issue. Plaintiff, moreover, does not plead fraudulent concealment in the complaint at all. Interestingly, Plaintiff fails to indicate when the equitable tolling should have begun. In any event, Plaintiff discovered his cause of action either as early as 1982/1983 or as late as 1995, thus beginning the running of the three-year statute of limitations at either of those times. For the above reasons, I find that equitable tolling does not apply

in this case. Consequently, Defendant's Motion to Dismiss Re: Statute of Limitations is well taken, and this matter should be dismissed with prejudice.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss Re: Statute of Limitations, filed May 20, 1999 *(Doc. 4)* is **granted**, and this cause is **dismissed** with prejudice as to all defendants.

DATED this 22nd day of July, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Ray Twohig
    Ray Twohig, P.C.
    Albuquerque, New Mexico

Counsel for Defendant Gonzales:

    Robert D. Lohbeck
    John E. DuBois
    NM RMD - Litigation Office
    Santa Fe, New Mexico

Counsel for Defendants Borunda and Does 1-10:

    Luis E. Robles
    Albuquerque City Attorney's Office
    Albuquerque, New Mexico